Considering the preceding, summary judgment shall be entered in Kirby's favor concerning the § 510 claim. As such, the issue regarding monetary damages relating to Brenton's § 510 claim need not be addressed.
B. Breach of Fiduciary Duty Claim
Brenton asserts that the Kirby was a fiduciary of the Plan under ERISA and that they breached their fiduciary duty to Brenton. Brenton's claim seeks to utilize the enforcement provisions in 29 U.S.C. § 1132(a)(3), to remedy an alleged violation of the fiduciary duties imposed by *558 29 U.S.C. § 1104. Additionally, a generous reading of Brenton's amended complaint and brief in opposition to the present motion indicates that Brenton also seeks to utilize the enforcement provisions in 29 U.S.C. § 1132(a)(2), to find relief under 29 U.S.C. § 1109. When considering a breach of fiduciary duty claim, the distinction between these two enforcement provisions is the type of damages that the parties can obtain. While the parties highly contest the issue of damages, it does not become a relevant inquiry until Brenton establishes a prima facie breach of fiduciary duty claim.
Brenton alleges that the Kirby breached its fiduciary duty,
(a) by depositing another participant's monies into Brenton's 403(b) account;
(b) by transferring monies out of Brenton's account without providing Brenton with an appropriate explanation or accounting and without her authorization;
(c) by failing to provide a prompt accounting and requested information after transferring the monies out of Brenton's account; and
(d) by terminating Brenton because she exercised her rights under the 403(b) Plan and ERISA and/or because of her inquiries, opposition and/or complaints about ERISA violations after Defendant engaged in unlawful actions related to her 403(b) account.
(Doc. 19, at 10). To support a claim for breach of fiduciary duty, Brenton must prove that the Kirby (a) was an ERISA fiduciary, (b) breached an ERISA-imposed duty, and (c) that breach caused a loss to the Plan. Leckey v. Stefano , 501 F.3d 212, 225-26 (3d Cir. 2007). Even if the Kirby is an ERISA fiduciary that breached an ERISA-imposed duty, Brenton fails to establish that any of her breach theories caused a loss to Brenton's Plan account. The only periods when Brenton alleges that her Plan account sustained a loss was when the Kirby made late contributions and when approximately eight-hundred dollars was overdrawn from Brenton's Plan account.
Brenton does not allege a late contribution claim against the Kirby. Also, none of her theories of breach alleged in her amended complaint discuss making late contributions to Brenton's account. In her papers, Brenton briefly mentions that she and her accountant told the Kirby they were frequently late with contributions to her Plan account in the past. (Doc. 19, at 4-5). But, her allegations are nothing more than conclusory with no evidence supporting this claim. Also, Brenton admits that the Kirby investigated the late contributions and then makes no further mention of any continuing issue. Thus, the court finds that no jury could reasonably conclude that the Kirby breached its fiduciary duty and caused a loss to the Plan by making late contribution payments. Considering Brenton's admission that the Kirby investigated this issue and her failure to allege an ongoing problem, the court finds that granting leave so that Brenton can amend her complaint would be futile.
Brenton's only remaining allegation of a loss to the Plan is when funds were overdrawn from Brenton's Plan account. Even viewing the facts in the light most favorable to Brenton, she fails to establish enough evidence that a reasonable jury might conclude that this eight-hundred-dollar withdrawal from her Plan account was anything more than a mistake by the Employee Fiduciary, who was attempting to restore the account to its proper balance. Considering Brenton eventually reached an agreement with the Employee Fiduciary regarding the amount of money that was overdrawn from Brenton's *559 account, it is unclear how Brenton believes that the Kirby breached a fiduciary duty and caused a loss to the Plan. Nevertheless, when a court needs to fill in the details of ERISA fiduciary duties or decide how to review fiduciary actions, it should turn to trust law. See Leckey , 501 F.3d at 223 (citing Firestone Tire & Rubber Co. v. Bruch , 489 U.S. 101, 110-12, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) ).
In Leckey , the Third Circuit looked to a section of the Second Restatement of Torts to explain the degree of fault required to establish a trustee's breach of fiduciary duty. Id. "Ordinarily a trustee does not commit a breach of trust if he does not intentionally or negligently do what he ought not to do or fail to do what he ought to do ... [h]e may, however, commit a breach of trust where he is not personally at fault, as where he acts under a mistake of law or fact...." Leckey , 501 F.3d at 224 (quoting Restatement (Second) of Torts § 201 cmt. a). For the mistake to rise to the level of a breach, it must be a "mistake as to the extent of [the trustee's] powers." Leckey , 501 F.3d at 224 (quoting Restatement (Second) of Torts § 201 cmt. b). In contrast,
[w]hen the question whether the trustee has committed a breach of trust depends not upon the extent of his powers and duties, but upon whether he has acted with proper care or caution, the mere fact that he has made a mistake of fact or law in the exercise of his powers or performance of his duties does not render him liable for breach of trust. In such a case he is liable for breach of trust if he is negligent, but not if he acts with proper care and caution.
Leckey , 501 F.3d at 224 (quoting Restatement (Second) of Torts § 201 cmt. c).
Brenton does not allege, and no reasonable jury could conclude that the Kirby made a "mistake as to the extent of [its] powers," by directing that money be transferred out of Brenton's Plan account to reconstruct both employee's Plan accounts. Brenton asks us to find that a loss to the Plan occurred merely because the balance of her Plan account was temporarily below its proper balance. See (Doc. 38, at 33) ("Moreover, Brenton's account sustained a loss when on October 30, 2015, the Kirby directed that too much money be transferred out of it."). However, the most generous reading of the facts would not allow a reasonable fact-finder to find that this withdrawal of excess funds rose to the level of negligence. Thus, the court finds that Brenton has failed to sufficiently establish a prima facie claim of breach of fiduciary duty by failing to establish a loss to the Plan.
Considering the foregoing, summary judgment shall be entered in Kirby's favor concerning the breach of fiduciary duty claim. As such, the issue regarding monetary damages relating to Brenton's breach of fiduciary duty claim need not be addressed.
V. CONCLUSION
Based on the preceding, Kirby's motion for summary judgment shall be GRANTED . An appropriate order shall issue.